UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BERNARD J. LYONS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:16-cv-00926-TWP-MJD ) |
| NANCY A. BERRYHILL,[1] Acting Commissioner of the Social Security Administration, | ) ) ) ) ) |
| Defendant. | ) |

## ENTRY ON JUDICIAL REVIEW

Plaintiff Bernard J. Lyons ("Lyons") requests judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner"), denying his application for Social Security Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 423(d) ("the Act"). For the following reasons, the Court **reverses in part** the final decision of the Commissioner and **remands** this action for further proceedings.

### I. BACKGROUND

On March 14, 2013, Lyons filed an application for DIB, alleging a disability onset date of January 1, 2006, due to lower back pain, spinal stenosis, and poor leg circulation. (Filing No. 8-2 at 17.) His claims were initially denied on April 22, 2013, and again on reconsideration on July 25, 2013. *Id.* Lyons filed a written request for a hearing on September 17, 2013. *Id.* On October 7, 2014, a video hearing was held before Administrative Law Judge Roxanne Fuller (the "ALJ") who presided over the hearing from Falls Church, Virginia. *Id.* Lyons was present in Indianapolis,

---

[1] Nancy A. Berryhill is now the Acting Commissioner of the Social Security Administration. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Commissioner Carolyn W. Colvin as the defendant in this suit.

Indiana and represented by counsel, Stacy Burton Crider. *Id.* A vocational expert, James J. Radke (the "VE"), also appeared and testified at the hearing. *Id.* On December 18, 2014, the ALJ denied Lyons' application for SSI. *Id.* Following this decision, Lyons requested review by the Appeals Council on December 29, 2014. *Id.* at 13. On February 9, 2015, the Appeals Council denied Lyons' request for review of the ALJ's decision, thereby making the ALJ's decision the final decision of the Commissioner for purposes of judicial review. *Id.* at 2-4. On April 26, 2016, Lyons filed this action for judicial review of the ALJ's decision pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). (Filing No. 1.)

Lyons was fifty-three (53) years old at the time of his alleged onset date. He has a high school equivalent education and more than thirty years of past relevant work experience as a truck driver and union business representative. Lyons' relevant medical evidence as set forth in the parties' briefs is not disputed, therefore, the Court incorporates by reference the factual and medical background detailed in the parties' briefs (*See* Filing No. 10 and Filing No. 11), but will articulate specific facts as needed in the "Background" and "Discussion" sections.

On December 17, 2009, Lyons complained of lower back pain and numbness in his hips. (Filing No. 8-8 at 85.) On December 23, 2009, he underwent a magnetic resonance imaging ("MRI") scan of the lumbar spine. The MRI revealed multilevel spondylosis and slight retrolisthesis of L5 on S1. *Id.* at 76. It also showed some Schmorl's nodal endplate degenerative changes and some mildly increased signal within the anterior aspect of the innerspace at L3-4. *Id*. The MRI also revealed minor left lateral recess narrowing at L1-L2, as well as a mild lateral recess narrowing at L2-L3. *Id*. It further showed, among other things, broad-based disc herniation with moderate right lateral recess narrowing, moderately severe left lateral recess narrowing and moderately severe central stenosis at L3-L4, as well as severe facet arthritis, severe central stenosis and severe bilateral

lateral recess narrowing at L4-L5. *Id*. Lyons had a suspected annular tear with resultant edema, rather than disc infection. *Id*.

On December 20, 2009, Lyons again complained of back spasms. From October through December 2009, Lyons received care for his lower back pain, neck pain, and hip numbness through Kirkling Chiropractic. ([Filing No. 8-10 at 79-85](#).) To combat the pain, Lyons also took Norco prescribed by his family physician for a few months in 2009. ([Filing No. 8-2 at 42](#).) Lyons did not take pain medication during 2010 and there is no medical evidence that he suffered from back pain in 2010. On December 28, 2010, three days prior to the date last insured, Lyons complained of abdominal pain, but not back pain. (Filing 8-8 at 27-28.) Upon examination, Lyons was able to stand from a chair and climb onto an examination table. *Id.* at 28. On January 31, 2011, about a month after the date last insured, Lyons continued to complain of abdominal pain, but not back pain. *Id.* at 25.

On September 27, 2012, almost twenty-one months after the last insured date, Lyons sought specialized care for radiating back pain at IU Medical Group, asserting he suffered from back pain for approximately five years. ([Filing No. 8-7 at 17](#).) Upon examination, Shashank Dave, DO opined that Lyons suffered from pain in limb, lumbar spinal stenosis, neuropathic pain, musculoskeletal pain, and chronic pain syndrome. *Id*. at 18. On September 20, 2013, Franciscan Spine Center recommended a spinal surgery after reviewing the 2009 lumbar MRI and examining Lyons. ([Filing No. 8-10 at 71](#).)

During the ALJ hearing, on October 7, 2014, Lyons testified that he suffered from severe back pain since 2005 and his condition did not improve with surgery or spinal injections. ([Filing No. 8-2 at 35-38](#).) Lyons estimated that he was unable to lie down for more than two hours, sit for forty-five minutes, stand for fifteen minutes or walk for more than twenty minutes without pain.

*Id.* at 39. Lyons also testified that he stopped working in 2005 because of the excessive back pain and lower leg pains. *Id*. at .35. He twice attempted to return to work as a truck driver because he needed insurance coverage, but his back pain prevented him from performing the job duties of climbing the flatbed of semi-trucks and chaining down cargo. *Id.* at 36, 42-43.

The VE testified at the administrative hearing about Lyons' work history and current capacity to work. The VE stated that Lyons' past relevant work as a truck driver amounted to medium, semi-skilled work and Lyons' past work as a union business representative was sedentary as defined but performed as light, skilled work. *Id*. at 46. The ALJ presented to the VE a hypothetical individual of the same age, education, and work experience as Lyons who could perform light work as defined in the regulations, but limited to occasional climbing of ramps, stairs, ladders, ropes, or scaffolds; occasional balancing, stooping, crouching, kneeling, and crawling; occasional exposure to moving mechanical parts, operating a motor vehicle, and exposure to unprotected heights. *Id*. at 47. The VE testified that such an individual could not perform the truck driving position but could perform the union representative as it is normally performed and as Lyons performed it. *Id*. The ALJ then adjusted the original hypothetical, limiting the individual to sedentary work but with the same non-exertional limitations. *Id.* The VE testified that such a person could perform the union representative job as it is defined in the Dictionary of Occupational Titles ("DOT"). *Id.* The VE further testified that no job in the economy could be sustained if the individual would be off task twenty percent of the day or absent from work four times a month. *Id.*

## II.     DISABILITY AND STANDARD OF REVIEW

Under the Act, a claimant may be entitled to DIB only after he establishes that he is disabled. Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to

result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). In order to be found disabled, a claimant must demonstrate that his physical or mental limitations prevent him from doing not only his previous work but any other kind of gainful employment which exists in the national economy, considering his age, education, and work experience. 42 U.S.C. § 423(d)(2)(A).

The Commissioner employs a five-step sequential analysis to determine whether a claimant is disabled. At step one, if the claimant is engaged in substantial gainful activity, he is not disabled despite his medical condition and other factors. 20 C.F.R. § 416.920(a)(4)(i). At step two, if the claimant does not have a "severe" impairment that meets the durational requirement, he is not disabled. 20 C.F.R. § 416.920(a)(4)(ii). A severe impairment is one that "significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). At step three, the Commissioner determines whether the claimant's impairment or combination of impairments meets or medically equals any impairment that appears in the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1, and whether the impairment meets the twelve month duration requirement; if so, the claimant is deemed disabled. 20 C.F.R. § 416.920(a)(4)(iii).

If the claimant's impairments do not meet or medically equal one of the impairments on the Listing of Impairments, then his residual functional capacity will be assessed and used for the fourth and fifth steps. Residual functional capacity ("RFC") is the "maximum that a claimant can still do despite his mental and physical limitations." *Craft v. Astrue*, 539 F.3d 668, 675–76 (7th Cir. 2008) (citing 20 C.F.R. § 404.1545(a)(1); SSR 96-8p). At step four, if the claimant is able to perform his past relevant work, he is not disabled. 20 C.F.R. § 416.920(a)(4)(iv). At the fifth and final step, it must be determined whether the claimant can perform any other work in the relevant economy, given his RFC and considering his age, education, and past work experience. 20 C.F.R.

§ 404.1520(a)(4)(v). The claimant is not disabled if he can perform any other work in the relevant economy.

The combined effect of all the impairments of the claimant shall be considered throughout the disability determination process. 42 U.S.C. § 423(d)(2)(B). The burden of proof is on the claimant for the first four steps; it then shifts to the Commissioner for the fifth step. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992).

Section 405(g) of the Act gives the court "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). In reviewing the ALJ's decision, this Court must uphold the ALJ's findings of fact if the findings are supported by substantial evidence and no error of law occurred. *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. Further, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008). While the Court reviews the ALJ's decision deferentially, the Court cannot uphold an ALJ's decision if the decision "fails to mention highly pertinent evidence, . . . or that because of contradictions or missing premises fails to build a logical bridge between the facts of the case and the outcome." *Parker v. Astrue*, 597 F.3d 920, 921 (7th Cir. 2010) (citations omitted).

The ALJ "need not evaluate in writing every piece of testimony and evidence submitted." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993). However, the "ALJ's decision must be based upon consideration of all the relevant evidence." *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994). The ALJ is required to articulate only a minimal, but legitimate, justification for her acceptance or rejection of specific evidence of disability. *Scheck v. Barnhart*, 357 F.3d 697, 700

(7th Cir. 2004).

## III.     THE ALJ'S DECISION

The ALJ first determined that Lyons met the insured status requirement of the Act through December 31, 2010. The ALJ then began the five-step analysis. At step one, the ALJ concluded that Lyons had not engaged in substantial gainful activity between January 1, 2006 and December 31, 2010. At step two, the ALJ found that Lyons had the following severe impairments: degenerative disc disease and hypertension. At step three, the ALJ concluded that Lyons does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ then determined that Lyons had an RFC to perform a full range of medium work. At step four, the ALJ found that Lyons was capable of performing his past relevant work as a truck driver and, therefore, determined that Lyons was not disabled and denied Lyons's application for DIB.

## IV.     DISCUSSION

In his request for judicial review, Lyons primarily asserts two reasons for remand. First, Lyons contends the ALJ erred when concluding that he maintains the RFC to perform a full range of medium work without any limitations. Second, Lyons asserts the ALJ erred when assessing his credibility. The Court will address each issue in turn.

### A. Residual Functional Capacity

In her decision, the ALJ specifically concluded Lyons "was capable of medium work activity [between January 1, 2006 and December 31, 2010]," and that "[t]his limitation—[medium work]—accommodates both his degenerative disc disease and hypertension." ([Filing No. 8-2 at 23](#).) The ALJ further stated that the RFC decision "is supported by [Lyons'] treatment history." *Id.*

Lyons contends the ALJ erred when failing to properly explain why he could perform medium work without limitations, despite objective medical evidence and the ALJ's conclusion that Lyons suffers from degenerative disc disease and hypertension. "An RFC assessment must include a discussion explaining how specific medical and nonmedical evidence supports each conclusion." SSR 96-8p at *7 (S.S.A. July 2, 1996). "The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." *Id*.

In response, the Commissioner argues the ALJ properly considered Lyons' severe impairments, but reasonably determined that Lyons' clinical findings and treatment notes do not establish that Lyons was disabled by his severe impairments between January 1, 2006 and December 31, 2010. The Commissioner points to Lyons' failure to complain of back pain during several visits with his primary care physician, as well as Lyons' ability to stand from a chair and climb onto an examination table. The Commissioner contends that even if the ALJ erred by not discussing in greater detail Lyons' limitations and ability to perform medium work, Lyons failed to show that the error was harmful. *See Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) ("the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination"); *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989) ("[n]o principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result").

After reviewing the record, the Court concludes that remand is warranted for several reasons. The Court first notes, although the ALJ discussed Lyons' failure to complain of back pain throughout 2010 and Lyons' ability to stand from a chair and climb onto an examination table, the ALJ did not adequately explain how she arrived to the conclusion that Lyons could work without

8

any limitations despite Lyons' severe impairments. *See Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 352 (7th Cir. 2005) (holding the ALJ's failure to explain how he arrived at his RFC conclusions is "in itself [] sufficient to warrant reversal of the ALJs decision"). Specifically, the ALJ did not discuss how the above evidence supports a RFC conclusion of medium work without limitations. *See* SSR 96-8p at *7. The Court also finds the ALJ failed "to build a logical bridge between the facts of the case and the outcome" because there is no evidence in the record supporting the ALJ's RFC conclusion that Lyons could lift "no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." *See Parker*, 597 F.3d at 921*; see also* 20 C.F.R. § 404.1567(c) (defining "Medium work"). To the contrary, the objective evidence establishes that, during the relevant period, Lyons suffered from severe back pain. Lyons also testified that he twice attempted to return to his job as a truck driver, however, he was unable to perform the medium work for more than a few months due to his back pain. (Filing No. 8-2 at 42-43); *see also Kangail v. Barnhart*, 454 F.3d 627, 629 (7th Cir. 2006) ("[w]here it is established that the claimant can hold a job for only a short period of time, the claimant is not capable of substantial gainful activity").

The Court further notes, as Lyons persuasively argues, that when posing hypothetical questions to the VE, the ALJ never mentioned "medium work" and focused only on a hypothetical individual who could perform "light work." *See* (Filing No. 8-2 at 47.) Accordingly, because the ALJ's findings contradict the record and amount to the ALJ improperly "playing doctor," the Court reverses and remands this issue back to the Commissioner for further proceedings. *See Hill v. Colvin*, 807 F.3d 862, 868 (7th Cir. 2015) (holding "[t]he ALJ's conclusion is not supported by any medical evidence in the record" and "amounts to the ALJ improperly 'playing doctor'"); *see also Parker*, 597 F.3d at 921; *Barnhart*, 425 F.3d at 352.

**B. Credibility**

Lyons also argues the ALJ erred when assessing his credibility because the ALJ did not consider his exemplary work history or question him about the gaps in his treatment history. *See Stark v. Colvin*, 813 F.3d 684, 689 (7th Cir. 2016) ("[a]n ALJ is not statutorily required to consider a claimant's work history, but a claimant with a good work record is entitled to substantial credibility when claiming an inability to work because of a disability") (citations and quotations omitted ); *see also Moss v. Astrue*, 555 F.3d 556, 562 (7th Cir. 2009) ( and "ALJ must not draw any inferences about a claimant's condition from [a failure to seek treatment or follow a treatment plan] unless the ALJ has explored the claimant's explanations as to the lack of medical care") (citations and quotations omitted).

The Court first notes, and Lyons agrees, the ALJ is not statutorily required to consider Lyons' work history. *See* 20 C.F.R. § 404.1529(c)(3)(i)-(v); *Stark*, 813 F.3d at 689. The Court also finds that the ALJ questioned Lyons during the hearing regarding gaps in his medical treatment ([Filing No. 8-2 at 42](#)), and determined that Lyons' allegations concerning the intensity, persistence and limiting effects of his back pain were less than fully credible because Lyons did not complain of back pain throughout 2010 and Lyons testified that he did not take any pain medications in 2010. *Id*. at 22. Accordingly, the Court concludes the ALJ adequately articulated minimal justification for her credibility determination and remand is not warranted on this issue. *See Scheck*, 357 F.3d at 700; *see also Sawyer v. Colvin*, 512 F. App'x 603, 607 (7th Cir. 2013) ("[t]his court gives considerable deference to an ALJ's credibility finding and will uphold it unless "patently wrong") (citations omitted).

10

## V. CONCLUSION

For the reasons set forth above, the final decision of the Commissioner is **REMANDED** for further proceedings consistent with this Entry as authorized by Sentence Four of 42 U.S.C. § 405(g).

**SO ORDERED.**

Date: 5/10/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Charles D. Hankey
charleshankey@hankeylawoffice.com

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE
kathryn.olivier@usdoj.gov